IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LANDIS+GYR INC., a Delaware Corporation, f/k/a LANDIS & GYR METERING, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation, f/k/a ZURICH INSURANCE COMPANY, <br><br> Defendant. | Case No. 4:16-CV-00082 |

## MOTION TO STRIKE

Plaintiff Landis+Gyr, Inc. ("Landis+Gyr"), by counsel and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, hereby moves to strike the affirmative defenses identified as Nos. 9-18, 20, and 22-23 in Defendant Zurich American Insurance Company's ("Zurich") Answer, Affirmative Defenses and Jury Demand in response to Landis+Gyr's Complaint, and states as follows:

1.  Zurich pursued a scattergun approach to pleading, seeking to burden and delay this matter with a list of largely irrelevant, unavailable, redundant, and inadequately pleaded affirmative defenses in response to Landis+Gyr's Complaint. *See* ECF Document No. 11, at 10-13; ¶¶ 1-25. The Answer does not narrow the issues or identify the specific defenses that Zurich really believes apply, and merely sets a long list of potential defenses that "might" apply or could apply "to the extent that" this or that happens.

2. Landis+Gyr's primary concern is that it is impossible to ascertain whether the majority of the defenses pled by Zurich apply to the case. Zurich itself seems to be uncertain about which defenses it really wants to allege. Such hypothetical or potential defenses are insufficient, immaterial, and/or impertinent and should be stricken to streamline this litigation by eliminating unnecessary and irrelevant material inapplicable to the issues in dispute.

3. Rule 12(f) authorizes a court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a party's pleading. Fed. R. Civ. P. 12(f); *see also United States v. 416.81 Acres of Land*, 514 F.2d 627, 630, n. 3 (7th Cir. 1975).

4. Even though motions to strike are typically disfavored as "potential dilatory tactics[,]" they may often serve as a useful tool to "remove unnecessary clutter from the case" and "to expedite" an amicable resolution of the dispute. *Commerce & Indus. Ins. Co. v. Preferred Tank & Tower, Inc.*, No. 3:13-CV-00010-RLY, 2013 WL 5656110, at *2 (S.D. Ind. Oct. 16, 2013) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).

5. Thus, in the interest of removing this unnecessary material from the pleadings, preventing needless delay, and focusing the issues for discovery and trial, Defendants ask the Court to strike these defenses as insufficient, immaterial, and impertinent to the instant dispute.

6. A brief in support hereof is attached hereto and incorporated herein by reference.

WHEREFORE, Plaintiff Landis+Gyr respectfully requests that the Court strike the affirmative defenses identified as Nos. 9-18, 20, and 22-23 in Zurich's Answer, Affirmative Defenses and Jury Demand, or in the alternative order Zurich to replead its Answer.  Landis+Gyr also requests all other relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Brent W. Huber*
Brent W. Huber, Attorney No. 16077-53
Amy S. Berg, Attorney No. 32513-32
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
brent. huber@icemiller.com
amy.berg@icemiller.com

Attorneys for Plaintiff Landis+Gyr, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of December, 2016, a copy of this pleading was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Brent W. Huber*
Brent W. Huber
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200