UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LANDIS+GYR INC., a Delaware Corporation, f/k/a LANDIS & GYR METERING, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No. 4:16-cv-82 ) |
| ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation, f/k/a ZURICH INSURANCE COMPANY, | ) ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Strike [DE 14] filed by the plaintiff, Landis+Gyr Inc., on December 29, 2016. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Landis+Gyr, filed its Complaint against the defendant, Zurich American Insurance Company, on October 7, 2016, for allegedly denying insurance coverage, in bad faith, for a long-standing environmental liability claim. Zurich filed its Answer on December 8, 2016. Landis+Gyr has requested that the court strike the following affirmative defenses included in Zurich's Answer:

> 9. Zurich would have no obligations under any Zurich policies where Plaintiff voluntarily made any payment, assumed any obligation, or incurred any expense without Zurich's consent.
>
> 10. The underlying claims are not covered under any Zurich policies to the extent that such claims did not arise out of an occurrence.
>
> 11. The underlying claims are not covered under any Zurich policies to the extent that the purported property damage did not occur during the policy periods of the Zurich policies.

12. The Zurich policies do not provide any insurance coverage to any entity which is not specifically insured under such policies.

13. The underlying claims are not covered under any Zurich policies to the extent such claims do not seek damages within the meaning of such policies.

14. The Zurich policies do not provide coverage for fines, penalties, punitive and/or exemplary and/or treble damages for the actions and conduct of the insured. There also is no coverage under any Zurich policies for an insured's acts and conduct in violation of state and/or federal law.

15. To the extent that Plaintiff or any alleged insured has failed to mitigate, minimize or avoid any damage allegedly sustained, and/or to the extent that Plaintiff's claims seek coverage for damages incurred as a result of Plaintiff or any alleged insured's failure, in the event of an accident or occurrence, to take reasonable steps to prevent or mitigate damages, Zurich has no obligation under its policies.

16. Any coverage for the underlying claims is barred, in whole or in part, by the provisions, terms, condition, exclusions, and limitations which are contained in or incorporated by any Zurich policies.

17. Plaintiff's claims against Zurich are or may be barred to the extent that the insured has failed to perform all of the obligations, covenants and conditions precedent and conditions subsequent applicable under any Zurich policies.

18. Plaintiff's claims are barred to the extent it is found that Plaintiff incurred unreasonable and/or inappropriate costs to defend or indemnify the alleged claims against it.

20. Plaintiff's claims against Zurich are or may be barred in whole or in part by the owned property exclusions in the Zurich policies.

22. Plaintiff's claims against Zurich are barred to the extent that Plaintiff is found to have violated the cooperation clause in any Zurich policies, based upon the acts or omissions of Plaintiff in the investigation and defense of the claims against it.

23. To the extent the principals of known loss, loss in progress, and/or fortuity apply to the alleged underlying environmental liabilities, there would be no coverage under any Zurich policies.

*Discussion*

**Federal Rule of Civil Procedure 12(f)** states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. ***Heller Fin., Inc. v. Midwhey Powder Co., Inc.***, 883 F.2d 1286, 1294 (7th Cir. 1989); ***Doe v. Brimfield Grade School***, 552 F. Supp. 2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. ***Talbot v. Robert Matthews Distrib. Co.***, 961 F.2d 654, 665 (7th Cir. 1992).

"Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." ***Heller***, 883 F.3d at 1294. The court should consider whether the issue is appropriately stated as an affirmative defense, whether the affirmative defense complies with the pleading requirements of Federal Rule of Civil Procedure 8, and whether the affirmative defense is capable of surviving a Rule 12(b)(6) analysis. ***Davis v. Elite Mortgage Services, Inc***., 592 F.Supp.2d 1052, 1058 (N.D. Ill. 2009); ***Van Schouwen v. Connaught Corp***., 782 F.Supp. 1240, 1245 (N.D. Ill. 1991).

Statements contained in the complaint must give the defendant notice of the claim against it and contain enough facts that the relief is plausible on its face. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Affirmative defenses are subject to the same standards as other pleadings and must provide more than a "bare bones" statement so that the plaintiff is given notice of any shortcomings in the complaint. ***Tooley v. Wash. Group Int'l, Inc***., 2009 WL 5511212, *7 (C.D. Ill. 2009). Affirmative defenses "must set forth a 'short plain statement' of all the material elements of the defense asserted; bare legal conclusions are not sufficient." ***Davis***, 592 F.Supp.2d at 1058 (citing

*Heller*, 883 F.2d at 1294). However, affirmative defenses can be inferred from the pleadings. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975); ***David v. Elite Mortgage Services, Inc***., 592 F.Supp.2d 1052, 1058 (N.D. Ill. 2009) ("Such motions [to strike] will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense and are inferable from the pleadings.'")(citing ***Williams v. Jader Fuel Co.***, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal citations and quotation marks omitted)).

Landis+Gyr has requested that the court strike Zurich's affirmative defenses 9-18, 20, and 22-23. Landis+Gyr contends that defenses 9-14, 16, 18, 20, and 22-23 state potential coverage arguments and use language that is a restatement of propositions from the policy. Also, Landis+Gyr has argued that the defenses are not pled with the requisite facts to establish whether Zurich believes these defenses are applicable. Zurich is not required to plead every fact supporting its affirmative defenses, but it must allege enough so that Landis+Gyr is on notice of its defense. *See* ***Brooks v. Ross***, 578 F.3d 574, 580-81 (7th Cir. 2009).

Zurich's affirmative defense number 15 states:

> To the extent that Plaintiff or any alleged insured has failed to mitigate, minimize or avoid any damage allegedly sustained, and/or to the extent that Plaintiff's claims seek coverage for damages incurred as a result of Plaintiff or any alleged insured's failure, in the event of an accident or occurrence, to take reasonable steps to prevent or mitigate damages, Zurich has no obligation under its policies.

Landis+Gyr contends that the defense leaves it to speculate whether Zurich is alleging a failure to mitigate defense. Zurich has not pointed to any part of the pleadings to show what Landis+Gyr did or did not do to mitigate its damages. Therefore, there is no factual support that can be inferred from the pleadings.

Affirmative defense number 17 states:

4

> Plaintiff's claims against Zurich are or may be barred to the extent that the insured has failed to perform all of the obligations, covenants and conditions precedent and conditions subsequent applicable under any Zurich policies.

Landis+Gyr has argued that Zurich's Answer does not specify any obligations, covenants, or conditions precedent and conditions subsequent that Landis+Gyr failed to perform. Therefore, Landis+Gyr contends that Zurich has failed to narrow the issues in the case, rather it seeks to expand the issues with potential defenses that may or may not come into play.

Zurich has argued that it intends to seek discovery related to these affirmative defenses, therefore striking the defenses will not focus the issues for discovery or for trial. Zurich has indicated that if the court grants the motion to strike it likely will have to rule on multiple motions to amend as Zurich obtains information during discovery. Yet, without any factual basis, an affirmative defense is improper. **Kras v. Conifer Insurance Company**, 2016 WL 6994937, at *2 (N.D. Ind. 2016); *See, e.g.,* **Gomez v. J. Jacobo Farm Labor Contr., Inc.**, No. 15-1489, 2016 U.S. Dist. LEXIS 66922, *9 n.2 (E.D. Cal. 2016) ("[Defendant] suggests that it should be permitted to plead affirmative defenses without any factual basis and then provide the factual basis, if any, during discovery. [This] suggestion would make an end-run around Rule 8 and Rule 15(a)(2) of the Federal Rules of Civil Procedure. If a defendant can allege no facts in support of a defense, that defendant must not plead it. If a defendant later discovers facts that might indicate that an affirmative defense might apply, it may seek leave to amend to add that affirmative defense.").

Affirmative defenses 9-14, 16, 18, 20, and 22-23 suffer from the same deficiency and also must be stricken. Because the court cannot find any factual support for Zurich's affirmative defenses anywhere within the pleadings nor has Zurich indicated that these facts exist, the court

finds that the defenses do not comply with the pleading standards set forth in Rule 8(a).

Therefore, the court **STRIKES** affirmative defenses 9-18, 20, 22-23.

ENTERED this 10th day of March, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge