**Appendix A – Statement of Genuine Disputes**

Pursuant to N.D. Ind. L.R. 56-1(b)(2), defendant Zurich American Insurance Company ("Zurich") presents the following Statement of Genuine Disputes in support of its response in opposition to plaintiff Landis + Gyr, Inc.'s ("Landis") motion for partial summary judgment.

I. **If, and When, Zurich Denied Coverage for the Sagamore Site for Purposes of Zurich's Statute of Limitations Defense (Zurich's Fifth Affirmative Defense)**

4. Landis's complaint alleges that Zurich wrongfully denied insurance coverage for the environmental contamination at 3601 Sagamore Parkway, Lafayette, Indiana ("Sagamore Site"). (Dkt. 1, ¶ 2.)

5. Landis has presented no evidence establishing that Zurich denied coverage within the applicable statute of limitations.

6. Landis has not borne its burden of proving that there is no genuine issue of material fact as to Zurich's statute of limitations defense.

II. **When Landis Notified Zurich of the Sagamore Site and Whether Landis's Late Notice Was Prejudicial for Purposes of Zurich's Late Notice and Pre-Tender Costs Defenses (Zurich's First, Second, and Tenth Affirmative Defenses), and Zurich's Proposed Voluntary Payments Defense**

7. Landis claims that it notified Zurich of the Sagamore Site at some unspecified point prior to mid-1995. (Dkt. 55-2, ¶ 17; Dkt. 55-5, ¶ 5.)

8. As Zurich explains in its brief, these vague and conclusory affidavits are insufficient to bear Landis's initial burden of establishing that there is no genuine issue of material fact as to notice.

9. Moreover, Zurich's evidence establishes that notice was not given until September 16, 2014 (*see* Hairrell Aff., ¶¶ 5, 7-14; Ex. 9 to Hairrell Aff.):

    a.    Zurich's claims database has no record of the Sagamore Site prior to September 16, 2014. (Hairrell Aff. ¶ 9.)

    b.    Zurich's claims database would have retained a record of a claim related to the Sagamore Site if it had been reported as Landis contends. (Hairrell Aff., ¶¶ 10-14.)

    c.    Zurich did not dispose of a claim file related to the Sagamore Site and, even if it had, there would be a record of a claim having been made. (Hairrell Aff., ¶¶ 11, 14.)

10.    Questions of fact also exist as to the prejudice resulting from Landis's late notice.

    a.    Landis has not presented any evidence establishing a lack of prejudice resulting from its more than 30-year delay in delivering notice, thus failing to rebut the presumption of prejudice created by its late notice. (Dkt. 54 at 14-15; Dkt. 55-1.)

    b.    Without citing any evidence in support, Landis contends that Zurich suffered no prejudice because it diligently investigated and cleaned up the pollution at the Sagamore Site.

    c.    Zurich has presented evidence that it was prejudiced because, had Landis given it timely notice, Zurich could have mitigated the length and cost of the environmental investigation and remediation. (Alvey Aff., ¶¶ 13-14.)

    d.    Zurich has presented evidence that Landis's investigation and remediation effort was not diligent. (Alvey Aff., ¶ 15.)

11.    The timing of Landis's notice and any resulting prejudice are material to Zurich's late-notice affirmative defense and its pre-tender costs affirmative defense.

12.    The timing of Landis's notice and any resulting prejudice are also material to Zurich's proposed voluntary payments defense because any agreements or settlements entered

301128890v1 1004168

into before Landis notified Zurich of the contamination at the Sagamore Site could not have been entered into with Zurich's consent.

### III. Whether the Contamination at the Sagamore Site Affected the Property of Third Parties for Purposes of the Policies' Personal Injury Coverage

13.   Landis contends that the personal injury coverage of the relevant insurance policies is triggered because the contamination at the Sagamore Site affected third parties' property. (Dkt. 54 at 11-12.) Landis cites no evidence to support this contention. (*Id.*)

14.   Zurich has presented evidence that the exhibits Landis relies on in support of its motion for partial summary judgment do not show that the contamination at the Sagamore Site affected the property of any third parties. (Alvey Aff., ¶ 16.)

15.   The question of whether the contamination affected the property of third parties is material to the application of the policies' personal injury coverage.

16.   Landis has not borne its initial burden of proving that there is no genuine issue of material fact as to the application of the policies' personal injury coverage.

### IV. Whether Landis's Agreements and Settlement with the Environmental Authorities Were Voluntarily Entered for Purposes of Zurich's Proposed Voluntary Payments Defense

17.   Landis has not presented any evidence explaining the circumstances under which it agreed to investigate and remediate the Sagamore Site.

18.   Zurich has presented evidence that Landis's investigation and remediation of the Sagamore Site was not compelled by the authorities, but was instead the product of several voluntary agreements and settlements with the Indiana Department of Environmental Managmement ("IDEM"). (Alvey Aff., ¶¶ 9-10, 12.)

19.   The question of whether IDEM compelled Landis to investigate and remediate the Sagamore Site is material to Zurich's proposed voluntary-payments affirmative defense.

## V. When Landis First Learned of the Environmental Contamination for Purposes of Zurich's Proposed Known-Loss Defense

20.     Landis acknowledges that the operations polluting the surface impoundment at the Sagamore Site began in 1953 and that operations discharging solvents below its facility began in 1973. (Dkt. 55-1 at 3; Dkt. 55-3 at 7, 18-19.)

21.     Landis acknowledges that it began its investigation of the Sagamore Site in 1984. (Dkt. 54 at 3.)

22.     Zurich has presented evidence establishing that Landis knew of environmental contamination at the Sagamore Site at least as early as 1983. (Ex. 1 to Wright Aff.)

23.     Zurich has presented evidence establishing that Landis knew of trichloroethylene ("TCE") at the Sagamore Site at least as early as 1987. (Ex. 12 to Wright Aff.)

24.     The insurance policies at issue in this case were in effect from October 1, 1977 to October 1, 1988. (Dkt. 1, ¶ 12.)

25.     Questions of fact remain regarding when Landis first knew of the contamination at the Sagamore Site.

26.     The question of when Landis first knew of the contamination at the Sagamore Site, or when Landis knew that such contamination was substantially certain to occur, is material for Zurich's proposed known-loss defense.

301128890v1 1004168