UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LANDIS+GYR INC., a Delaware Corporation, f/k/a LANDIS & GYR METERING, INC.,, <br><br> Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation, f/k/a ZURICH INSURANCE COMPANY, , <br><br> Defendant. | Case No. 4:16-CV-00082-JTM-APR |

## ZURICH'S OPPOSITION TO LANDIS+GYR'S RULE 56(D) MOTION FOR ADDITIONAL TIME TO RESPOND TO ZURICH'S SUMMARY JUDGMENT MOTION ON CHOICE OF LAW

Defendant, Zurich American Insurance Company, f/k/a Zurich Insurance Company ("Zurich"), by its counsel, Hinshaw & Culbertson LLP, responds as follows in opposition to Landis+Gyr's Rule 56(d) Motion for Additional Time to Respond to Zurich's Summary Judgment Motion on Choice of Law ("Landis's 56(d) Motion"):

Landis+Gyr Inc. ("Landis") has no legitimate basis to argue that it cannot respond to Zurich's motion for partial summary judgment on choice of law without conducting further discovery. First, Landis fails to adequately explain why it did not seek specific discovery on this issue at any point in time after Zurich reserved its right to contest choice of law more than fifteen months ago, on December 8, 2016. Second, Landis fails to identify the specific additional discovery that it expects to obtain that has not already been produced by Zurich or that is not already within Landis's control or possession. Third, Landis fails to explain how the additional discovery that it expects to obtain is likely to create a genuine issue of material fact that could

defeat Zurich's motion for partial summary judgment. Any one of these failures mandates denial of Landis's Rule 56(d) Motion.

## Argument

I. **LANDIS FAILED TO TIMELY PURSUE SPECIFIC DISCOVERY ON CHOICE OF LAW ISSUES UNTIL AFTER ZURICH FILED ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Landis's Rule 56(d) Motion should be denied because it fails provide an adequate explanation as to why it failed to seek additional discovery on choice of law until more than one month after Zurich filed its motion for partial summary judgment on this issue. See Visteon Corp. v. Nat'l Union Fire Ins. Co., No. 1:11-cv-00200-RLY-TAB (N.D. Ind. Dec. 19, 2012) (Baker, M.J.) (denying Rule 56(d) motion by insured seeking additional discovery on choice of law issue raised by insurers' motion for summary judgment because, among other things, the insured was "well aware from the outset of this case (and presumably even before that) that choice of law would be an issue in this case," and failed to pursue discovery on the issue until after the insurer filed its motion for summary judgment), overruling objections to order, 2013 U.S. Dist. LEXIS 84628 (N.D. Ind. Jun. 17, 2013), attached as Exhibit A; accord Hu v. Park Nat'l Bank, 333 F. App'x 87, 89-90 (7th Cir. 2009) (affirming denial of Rule 56(d) motion because plaintiff "did nothing during discovery" and waited until two months after defendant moved for summary judgment before requesting additional discovery); Springs Window Fashions LP v. Novo Ind., LP, 323 F.3d 989, 998 (7th Cir. 2003) (party seeking further time to respond to a summary judgment motion must give an adequate explanation to the court of the reasons the extension is necessary).

Here, Landis was on notice, by at least December 8, 2016, when Zurich filed its Answer and Affirmative Defenses, that Zurich reserved the right to dispute Landis's assumption that

2

Indiana law applies to the interpretation of Zurich's insurance policies.  See Dkt. 11 at 13 (Affirmative Defense 24: "Zurich reserves the right to contest choice of law.").  Landis could very easily have issued an interrogatory at any point in time after that seeking to confirm Zurich's position on choice of law.  However, Landis did not seek discovery on any specific choice of law issue until after Zurich filed its motion for partial summary judgment on choice of law on February 2, 2018.  Even after Zurich filed its motion, Landis waited more than one month to file its Rule 56(d) Motion and claim that an additional 60 days is necessary to pursue new discovery, including a new deposition notice and document request on choice of law.  (Dkt. 80 at 2-3.)  Thus, the Court should reject Landis's 56(d) Motion because it cannot provide an adequate explanation as to why it waited until *after* Zurich filed its motion for partial summary judgment to seek new discovery on specific choice of law issues.

Additionally, Landis's Motion wrongly contends that Zurich's motion for partial summary judgment was "the first time Zurich stated its position that a state law other than Indiana should be applied to this dispute." (Dkt. 80 at 2.)  This statement is false.  It not only ignores that Landis was aware of Zurich's right to contest choice of law from the outset of this case, but it also ignores that Zurich *explicitly* disclosed its position that New York law could apply to the interpretation of Zurich's policies on December 22, 2017, in its Reply in Further Support of Motion for Modification of Discovery And Summary Judgment Response Deadlines. (Dkt. 60 at 6-7.)  Twenty-five days after Zurich articulated this position, Landis issued an Amended Rule 30(b)(6) Deposition Notice and Subpoena Duces Tecum to Zurich, which failed to include any of the "choice of law" topics or document requests that Landis would later include in its new draft deposition notice and request for documents issued to Zurich on March 8, 2018. (Compare Ex. B with Ex. C.)  As such, Landis's Motion should be denied because it failed to

pursue new discovery on choice of law issues even after learning Zurich's specific position that New York law (and not Indiana law) could apply to the interpretation of the insurance policies at issue.

### III. LANDIS FAILS TO IDENTIFY THE SPECIFIC DISCOVERY THAT IS NECESSARY TO RESPOND TO ZURICH'S MOTION

Landis's 56(d) Motion should also be denied because it fails to identify the specific documents and information it expects to obtain through further discovery that are necessary to prepare a response to Zurich's motion for partial summary judgment on choice of law. See Goodman v. Soyez, No. 2-09-CV-355, 2014 U.S. Dist. LEXIS 72227, at *14-15 (N.D. Ind. May 28, 2014) (party moving for extension pursuant to Rule 56(d) must show "the specific discovery that is necessary to prepare a response to the motion for summary judgment").

Landis's 56(d) Motion generally states that it needs "full discovery from Zurich on facts specifically related to a choice of law analysis including, but not limited to, the negotiation, procurement and execution of the policies, information regarding the operations, locations, and business of Landis and Zurich at the time the policies were underwritten for an eleven (11) year period, 1977-88, as well as during the claims handling and investigation of Landis' claim." (Dkt. 80 at 4.) However, Zurich has already produced all of the underwriting files for the Zurich policies issued during this period. Moreover, this same information should also be in Landis's possession or the possession of Landis's insurance broker who negotiated and procured the policies on Landis's behalf. For instance, Landis's new draft deposition notice seeks testimony on "[t]he business and operations of the insured(s) at the time the policies were underwritten." (Ex. C at 5.) This is plainly the type of information that would already be in Landis's own possession. Accordingly, Landis's Motion should be denied because it fails to specifically identify, as required by Rule 56(d), specific additional discovery it expects to obtain that it has

4

not already received from Zurich—or that is not within its control and possession—and how that discovery is necessary to respond to Zurich's motion for partial summary judgment.

### III. LANDIS FAILS TO SHOW THAT THE ADDITIONAL DISCOVERY WILL GIVE RISE TO A GENUINE ISSUE OF MATERIAL FACT

Landis's 56(d) Motion fails to identify any specific additional discovery that it contends is likely to generate a genuine issue of material fact that could defeat Zurich's motion for partial summary judgment. This is a separate and independent basis for denying Landis's Motion. See Goodman, 2014 U.S. Dist. LEXIS 72227, at *14-15 ) ("[A] court may deny a Rule 56(d) motion because the requesting party fails to identify with specificity the evidence it may have obtained with the additional discovery that would create a genuine issue of material fact."); accord Am. Needle Inc. v. National Football League, 538 F.3d 736, 740 (7th Cir. 2008), reversed and remanded on other grounds, 560 U.S. 183 (2010) (affirming district court's denial of Rule 56(d) motion on grounds that movant needed to identify "specific evidence which [it] might have obtained from [the NFL defendants] that would create a genuine issue" to defeat summary judgment); United States v. Bob Stofer Oldsmobile-Cadillac, Inc., 766 F.2d 1147, 1153 (7th Cir. 1985) ("A party who has been dilatory in discovery may not use Rule 56(d) to gain a continuance where he has made only vague assertions that further discovery would develop genuine issues of material fact."); Woods v. City of Chicago, 234 F.3d 979, 990-91 (7th Cir. 2001) (denying Rule 56(d) motion that failed to demonstrate why additional depositions sought by plaintiff were likely to generate any genuine issue of material fact).

Landis contends that it needs additional discovery on choice of law issues because it "needs to be in a position to present a complete record of the relevant facts." (Dkt. 80-1 at ¶ 6.) That is not a basis for granting a request for a continuance pursuant to Rule 56(d). Instead, Landis is obligated to show what specific additional discovery is likely to create a genuine issue

of material fact in opposition to Zurich's motion for partial summary judgment. And Landis has failed to even attempt to make any such showing. As such, Landis's Rule 56(d) Motion should be denied.

## IV.     **CONCLUSION**

For the reasons stated above, Zurich respectfully requests that this Court deny Landis's Rule 56(d) Motion and require it to respond to Zurich's Motion for Partial Summary Judgment on Choice of Law by April 6, 2018.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: /s/ Timothy H. Wright
One of the Attorneys for Defendant
ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation, f/k/a ZURICH INSURANCE COMPANY

Kyle A. Lansberry (#20977-49)
Michael R. Giordano (#31317-53)
Lewis Wagner, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN  46202-6150
317-237-0500 (Phone)
317-630-2790 (Fax)
klansberry@lewiswagner.com
mgiordano@lewiswagner.com

Michael M. Marick (#6183285)
James H. Kallianis, Jr. (#6207178)
Timothy H. Wright (#6298003)
Hinshaw & Culbertson LLP
222 N. LaSalle St., Suite 300
Chicago, IL  60601
mmarick@hinshawlaw.com
jkallianis@hinshawlaw.com
twright@hinshawlaw.com

301385115v1 1004168

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically on March 22, 2018.  Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/ Timothy H. Wright<br>
Timothy H. Wright

301385115v1 1004168