# EXHIBIT A



LEGAL COUNSEL

One American Square | Suite 2900 | Indianapolis, IN 46282-0200

January 17, 2018

WRITER'S DIRECT NUMBER: (317) 236-5942
DIRECT FAX: (317) 592-4822
BRENT.HUBER@ICEMILLER.COM

***VIA E-MAIL AND U.S. MAIL***

All Counsel of Record

**Re:  Landis+Gyr v. Zurich American Insurance Company
U.S. District Court, Northern District of Indiana, Lafayette Division
Case No. 4:16-cv-00082-JTM-APR**

Dear Counsel:

Enclosed please find an "Amended Notice of Videotaped Rule 30(b)(6) Deposition and Subpoena Duces Tecum to Zurich Insurance Company." As we have discussed, we are scheduling this deposition by agreement on February 20. We have also simplified and revised the deposition topics. Please feel free to contact me if you have questions.

Thank you for your cooperation.

Very truly yours,

ICE MILLER LLP

Brent W. Huber

BWH/djj
Enclosure

cc:  Amy Berg
Jodi Spencer Johnson

I\12704672.1

Ice Miller LLP | Chicago  Cleveland  Columbus  DuPage County, Ill.  Indianapolis  New York  Washington, D.C. | **icemiller.com**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### LAFAYETTE DIVISION

| | | |
|---|---|---|
| LANDIS+GYR INC., a Delaware Corporation, f/k/a LANDIS & GYR METERING, INC., | ) ) ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:16-CV-00082-JTM-APR |
| ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation, f/k/a ZURICH INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## AMENDED NOTICE OF VIDEOTAPED RULE 30(b)(6) DEPOSITION AND SUBPOENA DUCES TECUM TO ZURICH INSURANCE COMPANY

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Plaintiff, Landis+Gyr, Inc. ("Landis+Gyr"), will take a videotaped deposition of a representative of Defendant, Zurich American Insurance Company, Inc. ("Zurich") on February 20, 2018, commencing at 9:00 a.m. local time at the offices of ICE MILLER LLP, 2300 Cabot Drive, Suite 455, Lisle, Illinois 60532. The deposition shall cover the subject matters and topics listed in the attached **Exhibit A**. The deposition will be taken upon oral examination before a court reporter, or any other Notary Public officer authorized by law to take depositions, and will be recorded. The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

Pursuant to Federal Rule of Civil Procedure 30(b)(2), you are also commanded to produce five (5) business days prior to the deposition, the documents and records referred to in **Exhibit B**. You are hereby notified to appear and take such part in this examination as may be proper.

Respectfully submitted,

ICE MILLER LLP

_____

Brent W. Huber (#16077-53)
Amy S. Berg (#32513-32)
*Attorneys for Plaintiff, Landis+Gyr Inc.*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2018, a copy of the foregoing was served

via U.S. Mail and Electronic Mail to the following parties:

Kyle A. Lansberry
Michael R. Giordano
LEWIS WAGNER LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202

Renee J. Mortimer
HINSHAW & CULBERTSON LLP
501 Indiana Avenue, Suite 201
Schereville, IN 46375

Michael M. Marick
James H. Kallianis
Timothy H. Wright
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, #300
Chicago, IL 60601

_____

Brent W. Huber (#16077-53)
*Attorneys for Plaintiff, Landis+Gyr Inc.*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100

## EXHIBIT A

## DEFINITIONS

The word "Complaint" means the Complaint filed by Plaintiff in the above-styled matter or any subsequently amended version thereof.

The words, "Communication" or "Communications" mean, without limitation, any effort to convey information, whether oral or written, including but not limited to correspondence, exchanges of written or recorded information, face to face meetings, e-mail, electronic media, facsimile, or telephone communication.

The words "Document" and/or "Record" shall mean any kind of written, typewritten, printed, recorded, computer produced, or graphic material, however produced or reproduced, including, without limitation, brochures, drawings, graphs, photographs, microfilms, "e-mail," notes, memoranda, letters, telegrams, newspaper advertisements, summaries and/or notes of personal conversations, diaries, notebooks, minutes, summaries and/or records of meetings and conferences, summaries and/or reports of negotiations or investigations, analyses, projections, ledger sheets, accounts, journals, publications, contracts, records, tapes, transcripts of records and recordings, and business records relating to the subject matter to which the listed item refers, and includes, without limitation, originals, copies, drafts, and/or any other writings or electronically stored data now in the possession, custody, or control of your company, its agents, employees, and any and all persons acting on its behalf, including its attorneys.

Whenever you are requested to "Identify" or "Describe" a Document or Record, state with respect to each such document or record the following:

(a)     The nature, date, and substance of the Document with sufficient and reasonable particularity to enable it to be identified, including its title, if any;

(b)     The name, business affiliation, and address of each person or persons who drafted, caused to be drafted, and/or revised such Document or Record;

(c)     The name, business affiliation, and address of each person who presently has custody of the Document or Record or any copy of it and any other description necessary to enable its custodian to locate the Document.

Whenever you are requested to "Identify" or "Describe" a Person, state with respect to each such Person his or her full name, any nicknames or aliases by which such Person is also known, his or her present or last known address, his or her present or last known telephone number, his or her position and business affiliation at the time in question, and a brief description of the Person's relation to the claims asserted in the Complaint or any defenses, counterclaims or third-party claims asserted in response thereto.

Whenever you are requested to "Identify" or "Describe" Communications, state with respect to each such Communication, the date and place of the Communication, the parties involved in the Communication, the form of the Communication *(e.g.,* oral, letter, etc.), and the substance of the Communication.

The words " You," "Your," "Zurich," or "Defendant" means Defendant Zurich American Insurance Company, as well as any predecessor or successor entity, affiliates, parent corporations or entities, subsidiaries, agents, representatives, owners, officers, directors and employees, or any other entity or person acting on its behalf, including consultants, attorneys, and investigators.

"Landis+Gyr" or "Plaintiff" means Plaintiff Landis+Gyr Inc., and any predecessor or successor entity, affiliates, parent corporations or entities, subsidiaries, agents, representatives, owners, officers, directors and employees, or any other entity or person acting on Landis+Gyr's

behalf, including consultants, and investigators.

The word "Person" in these Interrogatories means any individual, corporation, joint venture, limited partnership, partnership, association, or group.

The words "relating to," "regarding," "concerning," or "pertaining to" mean, without limitation, referring to, discussing, describing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or involving in whole or in part.

The word "Site" means the Sagamore Site referenced in the Complaint.

The word "Claim" relates to Landis+Gyr's claim for coverage for the Site under the Policies.

The "Policies" means any policy of insurance, slips, policy wordings or other documents which memorialize insurance coverage of Landis+Gyr made, issued, or subscribed to by Zurich or its affiliates including, but not limited to, the policies of insurance listed below:

- Policy No. 88-83-514 (77-78 Primary CGL) (Zurich Insurance Co.)
- Policy No. 89-27-804 (78-79 Primary CGL) (Zurich Insurance Co.)
- Policy No. 89-27-804 (78-79 Lead Umbrella) (Zurich Insurance Co.)
- Policy No. 89-27-804 (79-80 Primary CGL) (Zurich Insurance Co.)
- Policy No. 89-11-879 (80-81 Primary CGL) (Zurich Insurance Co.)
- Policy No. 89-34-087 (80-81 Lead Umbrella) (Zurich Insurance Co.)
- Policy No. 89-11-879 (81-82 Primary CGL) (Zurich Insurance Co.)
- Policy No. 89-34-087 (81-82 Lead Umbrella) (Zurich Insurance Co.)
- Policy No. 80-72-060 (82-83 Primary CGL) (Zurich Insurance Co.)
- Policy No. 81-73-681 (82-83 Lead Umbrella) (Zurich Insurance Co.)
- Policy No. 81-73-682 (82-83 Excess Umbrella) (Zurich Insurance Co.)
- Policy No. GA-30-18-275-00 (83-84 Primary CGL) (Zurich Insurance Co.)
- Policy No. CU-30-18-231-00 (83-84 Lead Umbrella) (Zurich American)
- Policy No. CU-30-18-232-00 (83-84 Excess Umbrella) (Zurich American)
- Policy No. CGL-30-18-275-01 (84-85 Primary CGL) (Zurich Insurance Co.)
- Policy No. CU-30-18-231-01 (84-85 Lead Umbrella) (Zurich American)
- Policy No. CU-30-18-232-01 (84-85 Excess Umbrella)  (Zurich American)
- Policy No. CGL-30-18-275-02 (85-86 Primary CGL) (Zurich Insurance Co.)
- Policy No. CU-30-18-232-02 (85-86 Lead Umbrella) (Zurich American)

- Policy No. SXL-30-18-231-02 (85-86 Excess Umbrella) (Zurich American)
- Policy No. CGL-30-18-275-03 (86-87 Primary CGL) (Zurich Insurance Co.)
- Policy No. CU-30-18-232-03 (86-87 Lead Umbrella) (Zurich American)
- Policy No. SXL-30-18-231-03 (86-87 Excess Umbrella) (Zurich American)
- Policy No. CGL-30-18-275-04 (87-88 Primary CGL) (Zurich Insurance Co.)
- Policy No. CU-30-18-232-04 (87-88 Lead Umbrella) (Zurich American)
- Policy No. SXL-30-18-231-04 (87-88 Excess Umbrella) (Zurich American)

## **TOPICS FOR DEPOSITION**

1.    The Landis+Gyr Policies and all forms and endorsements.

2.    Any and all underwriting files for the Landis+Gyr and/or the Policies.

3.    The Zurich claims file for the Sagamore Site.

4.    Any investigation by You or others on Zurich's behalf concerning the Site, the Claim and/or the Policies.

5.    Zurich's efforts to locate Landis+Gyr Policies, claims file, and correspondence concerning the Claim, including the identity of the person(s) who participated in Your efforts.

6.    The handling of the Claim and any claims files concerning Landis+Gyr, the Claim and the Site.

7.    Your coverage position concerning the Claim.

8.    The complete factual basis for any and all of Zurich's defenses to Landis+Gyr's Complaint or any defenses otherwise contained within Zurich's pleadings and filings in this matter.

9.    Your communications with Landis+Gyr or its counsel.

10.    Communications, if any, between Zurich and other Landis+Gyr insurers, brokers, sellers or other third parties concerning Landis+Gyr, the Site, the Claim and/or the Policies.

11.    Zurich's document retention policies.

12.    Zurich's policies, procedures and guidelines for handling claims.

13.    Zurich's bonus plan and practices concerning bonuses, and any other Zurich incentives or incentive program regarding handling, processing or closing of claims files.

14.    Any terminations, demotions, reprimands and sanctions by Zurich as a result of the handling of the Claim.

15.    Zurich's responses to Landis+Gyr's document requests including, but not limited to, the documents produced by Zurich or others acting on Zurich's behalf, the search conducted for responsive documents, the locations searched and including the identity of the person(s) who participated in the search.

16.    Your answers to Landis+Gyr's interrogatories.

17.    The documents Zurich has produced in this action.

18. Storage methods and methods for locating policies and claims, including any computerized methods of storage.

19. Any computer system, or data or document management system, that has or may contain information about Landis+Gyr, the Policies, the Claim and/or the Site.

20. The corporate structure of Zurich and its departments.

## EXHIBIT B

1.  All Landis+Gyr Policies not previously produced.

2.  If the actual policies are not available, the standard form policy provisions and endorsements for the policies and policy periods identified.

3.  All communications with any third parties, including insurance brokers, regarding Landis+Gyr or Landis+Gyr Policies, which have not already been produced.

4.  All of Your communications with any of Landis+Gyr's other insurers and any notes or writings relating thereto.

5.  All documents not yet produced on which You rely for any affirmative defense or other defense You have asserted in this action.

6.  All documents not yet produced on which You rely in preparing for this deposition or on which you may rely in answering the questions posed in the deposition.