IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| LANDIS+GYR INC., a Delaware Corporation, f/k/a LANDIS & GYR METERING, INC., | ) ) ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:16-CV-00082-JTM-APR |
| ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation, f/k/a ZURICH INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendant. | ) | |

**LANDIS+GYR's REPLY IN FURTHER SUPPORT OF ITS
MOTION TO STRIKE CERTAIN INADMISSIBLE
TESTIMONY CITED BY ZURICH**

### I. Introduction

Plaintiff Landis+Gyr Inc., f/k/a Landis & Gyr Metering, Inc. ("Landis") submits this reply in support of its motion to strike following Defendant Zurich American Insurance Company's ("Zurich") recent "Opposition to Landis+Gyr's Motion to Strike Certain Inadmissible Testimony Cited by Zurich" ("Opposition") (Dkt. 91).

Zurich argues the paragraphs of Cherish Hairrell's affidavit in question are admissible given Ms. Hairrell's status as Zurich's Rule 30(b)(6) witness. In other words, Zurich claims Ms. Hairrell should be allowed to speculate and proffer hearsay in order to defeat a summary judgment motion simply because she is also Zurich's Rule 30(b)(6) deponent. This argument confuses discovery with admissibility. There is no such special exemption or exception in the Federal Rules.

In addition, Zurich has not shown that the speculative testimony of Mr. Alvey should be admitted as expert testimony. This testimony is not based on science, it does not relate to matters that are proper subjects of expert testimony, and Mr. Alvey does not claim to have any personal knowledge about how Zurich was handling environmental claims in Indiana in the 1980s and 90s.

## II. Argument

**A.   Ms. Hairrell's Affidavit purports to be based on personal knowledge, yet her deposition later confirmed that this is not the case.**

As an initial matter, Zurich tries to argue this Court should not apply the rules of evidence to Mr. Hairrell's affidavit because she was later designated as a Rule 30(b)(6) witness. (*See* Zurich's Opp., Dkt 91 at 1). Zurich is mistaken.

First, even if there were such an "exception" to the Federal Rules of Evidence, Zurich ignores the fact that the Affidavit at issue purports to be based on Ms. Hairrell's "own personal knowledge of the facts asserted" (Hairrell Aff. ¶ 1), and was executed and submitted in opposition of Landis's summary judgment motion prior to Ms. Hairrell's deposition as Zurich's 30(b)(6) corporate witness. In addition, the statements in the subject paragraphs contradict corporate documents produced by Zurich, as explained in Landis' Motion. Consequently, for this reason alone, these paragraphs cannot be considered on summary judgment.[1]

---

[1] Summary judgment motions must be adjudicated on evidence that is otherwise admissible at trial. Under Rule 56, "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). All evidence submitted for summary judgment purposes must generally be admissible at trial. *McFeely v. United States*, 700 F. Supp. 414 n.1 (S.D. Ind. 1988). Any statements made "'outside the affiant's personal knowledge or statements that are the result of speculation or conjecture or merely conclusory do not meet' " the personal knowledge requirement of Rule 56(c)(4). *Strong v. Del. Cty.*, 976 F. Supp. 2d 1038, 1043-44 (S.D. Ind. 2013) (quoting *Stagman v. Ryan*, 176 F.3d 986, 995 (7th Cir. 1999)).

B.  **Rule 30(b)(6) does not create a hearsay exception for corporate designees who testify at trial or in opposition to a Rule 56 motion.**

Zurich asserts that because Ms. Hairrell subsequently testified in a deposition as Zurich's Rule 30(b)(6) corporate designee on claims handling topics, this exempts her speculations and hearsay testimony from the hearsay rule and renders it admissible. Contrary to Zurich's argument, however, there is no such exception in the law under Rule 56 or the Federal Rules of Evidence.

In *Cincinnati Ins. Co. v. Gray*, No. 1:08-CV-1694, 2010 WL 3522954 (S.D. Ind. Sept. 1, 2010), for example, the court rejected the argument that testimony provided as a Rule 30(b)(6) designee exempted it from the hearsay rule: "[Hearsay is not admissible at trial just because it was provided by a witness speaking for the company at a Rule 30(b)(6) deposition." *Id*. at *7. The court stated that testifying on the corporation's behalf at deposition, "does not make his hearsay testimony admissible evidence" and "a litigant's position at the summary judgment stage must be supported by admissible evidence." The court then quoted at length the Northern District of Ohio's explanation for this rule:

> First, the fact that a witness is a 30(b)(6) designee does not create a hearsay exception allowing him to simply repeat statements made by corporate officers and employees, if those statements are offered for their truth. As defendants pointed out, Rule 30(b)(6) does "permit designated persons without personal knowledge to testify on behalf of a corporation on matters within the corporation's knowledge;" further, a corporate designee may testify about not only a corporation's knowledge but also its subjective beliefs. These principles are designed to relieve burdens imposed on corporate defendants; however, they do not change the rule that a 30(b)(6) designee cannot "offer any testimony ... at trial ... to the extent that information was hearsay not falling within one of the authorized exceptions."
>
> Second, the rule that a 30(b)(6) designee cannot offer hearsay testimony holds especially true when there is no independent evidentiary basis that might otherwise prove the truth of the hearsay, such as corroborating testimony from the hearsay declarant.

3

*Cooley v. Lincoln Elec. Co.,* 693 F.Supp.2d 767, 791 (N.D.Ohio 2010) (footnoted citations omitted).[2] *See also Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 562 (7th Cir.1996)(hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial); *Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir.1997) (clarifying that affidavits may be admissible at summary judgment "provided, of course, that the affiant's or deponent's testimony would be admissible if he were testifying live"); *Eli Lilly and Company v. Arch Ins. Co.*, No. 1:13-cv-01770, 2017 WL 2930571 (S.D. Ind. July 10, 2017)(regardless of whether the truthfulness of affidavits could be tested by cross-examination, affidavits based on lack of personal knowledge should be stricken from consideration on summary judgment).[3]

Zurich cites a few cases from other jurisdictions that have considered hearsay testimony

---

[2] Indiana state courts also adhere to this view. *Seth v. Midland Funding, LLC*, 997 N.E.2d 1139 (Ind.Ct.App. 2013)(refusing to consider affidavit setting forth facts based on "personal knowledge of those account records maintained" by the company because the affiant's "knowledge of the facts is limited to what she has gleaned from her review of unspecified business records, her affidavit is based entirely on hearsay, in violation of Trial Rule 56(E)"); *Breining v. Harkness,* 872 N.E.2d 155, 158 (Ind.Ct.App.2007) (holding inadmissible hearsay contained in an affidavit may not be considered in ruling on a summary judgment motion), *trans. denied.*

[3] Courts in other jurisdictions agree. *See, e.g., Stryker Corp. v. Ridgeway, et al*., No. 1:13-cv-1066, 2016 WL 6585007 (W.D. Mich. Feb. 1, 2016)(Rule 30(b)(6) designee may not testify at trial as to facts on which she has no personal knowledge); *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 Fed.Appx. 899 (5th Cir. 2010)("Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge *during deposition*, and Rule 32(a)(3) permits an *adverse* party to use that deposition testimony during trial. However, a corporate representative may not testify to matters outside his own personal knowledge "to the extent that information [is] hearsay not falling within one of the authorized exceptions.") (internal citations omitted); *Industrial Eng'g &Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-cv-691, 2014 WL 4983912, at *4 (M.D. Fla. Oct. 6, 2014) ("Rule 30(b)(6) does not eliminate Rule 602's personal knowledge requirement."); *TIG Ins. Co. v. Tyco Int'l Ltd.*, 919 F. Supp. 2d 439, 454 (M.D. Pa. 2013) ("Although Rule 30(b)(6) allows a corporate designee to testify to matters within the corporation's knowledge during deposition, at trial the designee may not testify to matters outside his own knowledge to the extent that information is hearsay not falling within one of the authorized exceptions."); *Soutter v. Equifax Information Services, LLC,* 299 F.R.D. 126, 132 (E.D.Va.2014).

submitted by Rule 30(b)(6) designees, but these cases readily distinguishable and otherwise unpersuasive. For example, Zurich cites two Illinois cases in which the court, notwithstanding Evid. Rule 602, ruled *in limine* that a Rule 30(b)(6) designee could testify on matters within corporate knowledge in deposition and at trial.

The issue arose in *Sara Lee Corp. v. Kraft Foods Inc*., 276 F.R.D. 500 (N.D. Ill. 2011) in the context of a motion *in limine* regarding the admission of the deposition testimony of a Rule 30(b)(6) non-party witness at trial. While the court ruled that certain portions of the testimony could be admitted, it expressly limited the testimony "to topics that are particularly suitable for Rule 30(b)(6) testimony" such as corporate policies or opinion. It would not include, for example, testimony that other witnesses with personal knowledge could provide. The court ultimately deferred on ruling which specific portions would be admitted until trial when the court would "consider whether the underlying corporate knowledge is sufficiently reliable to substitute for personal knowledge." In short, properly understood, *Sara Lee* supports Landis' position.

Likewise, in *University Healthsystem Consortium v. UnitedHealth Group, Inc*., 68 F.Supp.3d 917 (N.D. Ill. 2014), the issue arose in the context of testimony in an affidavit submitted in support of summary judgment. There, the court reasoned that a 30(b)(6) witness could testify via affidavit on summary judgment "particularly where the witness's Rule 30(b)(6) deposition expressly reaffirmed the accuracy of the affidavit." *Id*. at 921. But here, as Landis demonstrated in its Motion to Strike, Ms. Hairrell's deposition testimony ***affirmed her lack of personal knowledge*** about the statements in her Affidavit. Further, as the Eastern District of Virginia pointed out, "merely because a person has been previously deposed under Rule 30(b)(6), the deponent becomes vested with that information as a matter of personal knowledge would set at naught the personal knowledge requirement. That is certainly so where, as here, the

affiant declares that the content of the affidavit is based on personal knowledge and in fact it is not." *Soutter v. Equifax Information Services LLC*, 299 F.R.D. 126, 132 (E.D. Va. 2014); *id* ("In any event, there is a significant difference between a Rule 30(b)(6) deposition and an affidavit".… "'Rule 30(b)(6) is a rule that applies to *depositions* in which an opposing party is given the opportunity to question a *corporate entity and bind it* for purposes of the litigation. A *declaration,* on the other hand, *is not offered as the testimony of the corporation,* but rather *reflects*—or is supposed to reflect—the *personal knowledge* of the declarant.'") quoting *McDonald v. OneWest Bank, FSB,* 929 F.Supp.2d 1079, 1090 (W.D.Wash.2013).

Finally, Zurich also cites a case from the Southern District of New York, *Societe Generale Energie Corp. v. New York Marine and General Ins. Co*., 368 F.Supp.2d 296, 299 n. 3 (S.D.N.Y. 2005), in which the court offered *dicta* in a footnote that testimony given by a 30(b)(6) witness that is supported by documentary evidence is not inadmissible hearsay. Again, this view is contrary to the cases law in this jurisdiction, and more importantly, in this case, Ms. Hairell's testimony was not supported by, and in some cases was contradicted by, the documentary evidence and Zurich's own retention policies, as explained in Landis' Motion.

In sum, the approach that Zurich suggests the Court adopt here today is contrary to the well-reasoned law in this Circuit, and is not supported by the case law Zurich cites. *See, e.g., Industrial Engineering & Development, Inc*., No. 8:12-cv-691, 2014 WL 4983912 at *4 and n.1 (M.D. Fla. Oct. 6, 2014)(finding that "Rule 30(b)(6) does not eliminate Rule 602's personal knowledge requirement" and that "Because of Rule 602's personal knowledge requirement, the Court declines to adopt the approach set forth in *Sara Lee Corp. v. KraftFoods, Inc*., 276 F.R.D. 500 (N.D.Ill.2011)…"); note 3, *supra*.

    **C.**    **Mr. Alvey's affidavit consists of mere speculation, not relevant and reliable expert testimony, and should be struck.**

Paragraphs 13 through 15 of Mr. Alvey's affidavit are not admissible expert testimony. "[T]he district court function[s] as a gatekeeper to ensure that expert testimony is both relevant and reliable." *Griffin v. Foley*, 2006 WL 6898710, at *1 (S.D. Ind. 2006) (citing *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000)). Mr. Alvey's affidavit is neither. His assertions are not relevant because they do not establish what Zurich would have done had it been notified sooner or how it would have achieved different results. Mr. Alvey did not review or rely upon any information about how Zurich was in fact handling environmental claims in the 1980s and 90s. Instead, Mr. Alvey's affidavit consists only of unhelpful speculation about what Zurich "*could*" have done and the "*likely*" outcome of Landis' failure to do as prescribed. Further, Mr. Alvey's affidavit cannot be properly evaluated for reliability because Mr. Alvey does not provide any reasoning underlying his conclusions, much less any scientific methodology. Pursuant to its gatekeeper function, the Court should strike Mr. Alvey's testimony because his status as an expert should not be deemed a license to speculate or mislead.

As stated by Zurich, the courts apply a two-part test to determine the admissibility of expert testimony: "first, the courts must determine whether the expert is properly qualified, and then the court must evaluate the expert's testimony and determine whether it is relevant and reliable." *Wolf Lake Terminals, Inc. v. Mutual Marine Ins. Co.*, 433 F.Supp.2d 933, 943 (N.D. Ind. 2005). Zurich devotes considerable time and effort convincing the Court that Mr. Alvey qualifies as an expert; however, Landis never called Mr. Alvey's qualifications into question. What is important is that Mr. Alvey's qualifications do not relate at all to his ability to say what Zurich was in fact doing with environmental claims for which it provided coverage in the 1980s and 90s, if any.

As parenthetically quoted by Zurich: "Expert affidavits must 'set forth facts' and a

process of reasoning leading to the expert's conclusions." *Berg v. CI Investments, Inc.*, 2017 WL 1304082 (N.D. Ill. 2017) (striking affidavit of a veritable expert because he failed to disclose the reasoning underlying his conclusory statements). Mr. Alvey sets forth no such "process of reasoning" that led him to his conclusions. Zurich argues in its opposition that "Mr. Alvey is not required to further disclose his methodology. His experience in managing and overseeing numerous environmental remediation projects . . . taken together with the facts contained in the [IDEM Virtual Filing Cabinet ("VFC")], serves as ample support for his affidavit at summary judgment." (Zurich's Opp., Dkt 91 at 14). This is simply not accurate. The case law is clear that "[i]t will not do to say that it must all be left to the skill of experts. Expertise is a rational process and a rational process implies expressed reasons for judgment." *Mid-State Fertilizer Co. v. Exch. Nat. Bank of Chicago*, 877 F.2d 1333, 1339 (7th Cir. 1989) (quoting *FPC v. Hope Natural Gas Co.*, 320 U.S. 591, 627 (1944). In *Mid-State Fertilizer*, actually cited by Zurich in its opposition, the Seventh Circuit struck the expert affidavit of an economist because the expert merely "examined materials produced in discovery and drew inferences from the record, speaking in legal rather than economic terms." *Id*.

Likewise here, Mr. Alvey's review of IDEM reports on the VFC is not enough to qualify his affidavit as a relevant and reliable expert opinion. His conclusions, for instance, that "Landis *should* have taken steps to identify the source of the CVOCs," that once they were identified, "investigations *should* have been conducted to delineate the extent of the contamination" and "immediate steps *should* have been taken to remove or isolate these sources," (Alvey Aff., ¶ 13) (emphasis added), are unsupported by any facts or "process of reasoning." Mr. Alvey does not identify anywhere what IDEM did require Landis to do regarding the contamination or point to any failure by Landis to do what the regulators required. Significantly, Mr. Alvey does not state

how long Landis did wait to take any such steps, nor does he specify what the appropriate response time would be under the circumstances or how Zurich would have achieved a different result. He simply asserts that Landis *should* have taken these steps without any explanation or basis, much less any reference to the facts of the actual case. There is simply no scientific explanation or reasoning in his affidavit.

In the next paragraph, Mr. Alvey concludes: "It is *likely* that the failure of Landis to properly and adequately investigate and remediate the CVOC contamination in a timely manner allowed the contaminants to migrate and ultimately increased the cost of site closure." (Alvey Aff. ¶ 14) (emphasis added). Again, he does not explain why it is *likely*, given the facts and circumstances of this case, that the contaminants would have migrated, nor does she point to any evidence that any such migration took place; he merely—and conveniently—concludes that they *likely* did, and then assumes again that this made the project more expensive. In fact, it is just as plausible to assume that any migration if any could result in more degradation and make the project less expensive.

Finally, he observes that "[t]he exhibits and the IDEM documents on the VFC do *not* demonstrate that Landis' investigation or remediation of the Site was diligent or reasonable…" (Alvey Aff. ¶ 15) (emphasis added). Again, he does not describe the process of reasoning that led him to this conclusion. Yet more remarkable, he falls short of concluding that Landis' investigation or remediation was not diligent and unreasonable. His entire affidavit is tempered by semantics and speculations about what *could* have been done, what outcome would have been *likely*, and what the narrow set of documents he reviewed do *not* demonstrate. At no point does he explain his process of reasoning—in light of the specific facts and circumstances of the environmental contamination and site in this case—that led him to these conclusions.

9

### III.  Conclusion

For the foregoing reasons, Landis respectfully requests that the Court GRANT its motion to strike and disregard the paragraphs of the affidavits in question.

Respectfully submitted,

*/s/* Brent W. Huber
Brent W. Huber, Attorney No. 16077-53
Amy S. Berg, Attorney No. 32513-32
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
brent.huber@icemiller.com
amy.berg@icemiller.com

Attorneys for Plaintiff, Landis+Gyr Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2018, a copy of the foregoing was filed electronically.  Service of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing though the Court's system.

| | |
|---|---|
| Kyle A. Lansberry<br>Michael R. Giordano<br>LEWIS WAGNER, LLP<br>501 Indiana Avenue, Suite 200<br>Indianapolis, IN 46202-6150<br>klansberry@lewiswagner.com<br>mgiordano@lewiswagner.com | Renee J. Mortimer<br>HINSHAW & CULBERTSON LLP<br>322 Indianapolis Boulevard, Suite 201<br>Schererville, IN  46375<br>rmortimer@hinshawlaw.com<br><br>Michael M. Marick<br>James H. Kallianis<br>Timothy H. Wright<br>HINSHAW & CULBERTSON LLP<br>222 North LaSalle Street, #300<br>Chicago, IL  60601<br>mmarick@hinshawlaw.com<br>jkallianis@hinshawlaw.com<br>twright@hinshawlaw.com |

*/s/* Brent W. Huber
Brent W. Huber

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100