# Exhibit D




One American Square | Suite 2900 | Indianapolis, IN 46282-0200

March 22, 2018

WRITER'S DIRECT NUMBER: (317) 236-2247
DIRECT FAX: (317) 592-4259
EMAIL: AMY.BERG@ICEMILLER.COM

***VIA E-MAIL AND U.S. MAIL***

All Counsel of Record

**Re: Landis+Gyr v. Zurich American Insurance Company
U.S. District Court, Northern District of Indiana, Lafayette Division
Case No. 4:16-cv-00082-JTM-APR**

Dear Counsel:

Enclosed please find Landis+Gyr, Inc.'s Third Set of Requests for Production of Documents in regard to the above-referenced matter.

Very truly yours,

ICE MILLER LLP

Amy S. Berg

ASB/kah

Enclosure

cc: Brent Huber
Jodi Spencer Johnson

I\12887799.1

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION**

| | | |
|---|---|---|
| LANDIS+GYR INC., a Delaware Corporation, f/k/a LANDIS & GYR METERING, INC., Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| v. | ) | Case No. 4:16-CV-00082-JTM-APR |
| ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation, f/k/a ZURICH INSURANCE COMPANY, Defendant. | ) | |

**LANDIS+GYR INC.'S THIRD SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Landis+Gyr Inc., f/k/a Landis & Gyr Metering, Inc. ("Landis+Gyr"), by counsel, pursuant to Trial Rule 34, hereby requests that Defendant Zurich American Insurance Company, f/k/a Zurich Insurance Company ("Defendant") produce a copy of each of the following documents to the offices of ICE MILLER LLP, One American Square, Suite 2900, Indianapolis, Indiana 46282-0200, within thirty (30) days after service of these requests.

**INSTRUCTIONS**

1. These Requests cover all documents in your possession, custody, or control, wherever located, including documents in the possession of your representatives, partners, officers, employees, agents, investigators, consultants, attorneys, or other persons directly or indirectly employed or retained by you, or anyone else acting on your behalf or otherwise subject to your control. These Requests shall be deemed continuing, and you shall produce any supplemental materials of the nature sought herein which you obtain, directly or indirectly, or to which you gain access, following any document production in response to these Requests for

Production. Such supplemental responses are to be served upon the undersigned counsel no later than thirty (30) days after receipt of such information.

2. Documents should be produced in a manner that ensures that the source of each document can be determined. Documents attached to each other should not be separated. As stated below, the term "documents" specifically includes, but is not limited to, e-mail communications, text messages, social media communications, and other electronic records.

3. Electronically stored information shall be produced in the following format: Single page TIFF images with document-level OCR text files containing extracted text or OCR with load files containing all requisite information including relevant metadata. However, files not easily converted to image format, such as Excel and Access files, shall be produced in native format with the bates number beginning the file name of each document. The following metadata fields shall be produced:

a. Date created

b. Date last modified/versions

c. Author

d. Date sent

e. Date received

f. Recipients (cc's and bcc's)

g. Subject/title

h. Document name/file name

4. Non-electronically stored information shall be produced either: (1) in its original format; or (2) as single page TIFF images with document-level OCR text files containing

extracted text or OCR with load files containing all requisite information, and separate load files for the OCR and Images.

5. If any document is withheld from production pursuant to a claim of privilege, please produce a privilege log which identifies such document by date, author and title, and which specifies the applicable privilege(s), and a brief explanation of the reason therefor.

6. If any document is redacted pursuant to a claim of privilege, please identify the redacted portions and produce a privilege log, which references the redacted document and specifies the applicable privilege(s), and a brief explanation of the reason therefor.

7. If any documentary material responsive to any of these Requests for Production was, but is no longer, in your possession or custody or subject to your control, please provide the following information for each such item:

a. identify and describe the documentary material;

b. specify whether such material is missing, lost, destroyed, or otherwise disposed of, or in the possession, custody, or control of another;

c. state the date of such loss, destruction, disposal, or other disposition of documentary material;

d. explain the circumstances of such loss, destruction, disposal, or other disposition of documentary material; and

e. identify all persons who authorized or have knowledge of such loss, destruction, disposal, or other disposition of documentary material.

**DEFINITIONS**

1. "You," "Your," "Zurich," or "Defendant" means Defendant Zurich American Insurance Company, as well as any predecessor or successor entity, affiliates, parent corporations or entities, subsidiaries, agents, representatives, owners, officers, directors and

employees, or any other entity or person acting on its behalf, including consultants, attorneys, and investigators.

2. "Landis+Gyr" or "Plaintiff" means Plaintiff Landis+Gyr Inc., and any predecessor or successor entity, affiliates, parent corporations or entities, subsidiaries, agents, representatives, owners, officers, directors and employees, or any other entity or person acting on Landis+Gyr's behalf, including consultants, and investigators.

3. "Site" means the contaminated facilities that are referenced in the Complaint, and all fixtures and appurtenances thereto, including but not limited to the land and groundwater at, beneath, surrounding, or in the vicinity of the Site.

4. "Communication" means, without limitation, any effort to convey information, whether oral or written, specifically including but not limited to correspondence, exchanges of written or recorded information, face to face meetings, e-mail, text messages, electronic media, facsimile, or telephone communication.

5. "Contaminant" or "Contamination" includes any element, substance, compound or mixture, which after release into the environment and upon exposure through any means, is regulated by any state, local or federal governmental entity, or will or may reasonably be anticipated to cause death or disease of any kind, including but not limited to petroleum products, hazardous wastes, hazardous materials and hazardous substances, whether they are in solid, semi-solid, liquid or gaseous form.

6. "Document" and/or "Record" means any kind of written, typewritten, printed, recorded, computer produced, or graphic material, however produced or reproduced, including, without limitation, brochures, drawings, graphs, photographs, microfilms, "e-mail," notes, memoranda, letters, telegrams, newspaper advertisements, summaries and/or notes of personal

conversations, diaries, notebooks, minutes, summaries and/or records of meetings and conferences, summaries and/or reports of negotiations or investigations, analyses, projections, ledger sheets, accounts, journals, publications, contracts, records, tapes, transcripts of records and recordings, and business records relating to the subject matter to which the Request refers, and includes, without limitation, originals, copies, drafts, and/or any other writings or electronically stored data now in the possession, custody, or control of your company, its agents, employees, and any and all persons acting on its behalf, including its attorneys.

7. "Person" means any individual, corporation, joint venture, limited partnership, partnership, association, or group.

8. "Relating to," "relating," "regarding," "concerning," or "pertaining to" mean, without limitation, referring to, discussing, describing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or involving in whole or in part.

9. "Release" means any migration, disposal, discharge, release and/or escape of any Contamination into the ground water, soil or air at, from, or onto the Site.

10. "Remediation" means any response, investigation, sampling, testing, soil treatment, soil removal, ground water removal, ground water treatment, underground storage tank removal or closure, above ground storage tank removal or closure, corrective action or other environmental remediation of Contamination at the Site.

11. The singular includes the plural and vice versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense where the meaning is not distorted by change of tense.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All Landis+Gyr Policies not previously produced.

**RESPONSE:**

**REQUEST NO. 2:** All documents related to negotiation and procurement of the Policies not previously produced.

**RESPONSE:**

**REQUEST NO. 3:** All documents related to the execution of the Policies not previously produced.

**RESPONSE:**

**REQUEST NO. 4:** All documents related to the business and operations of the insured(s) at the time the policies were underwritten including, but not limited to: (a) Landis+Gyr; (b) Moore Systems, Inc.; (c) Metal Products Co.; (d) Dayton Electronics Products Co.; (e) Duncan Electric; (f) Andover, Inc.

**RESPONSE:**

**REQUEST NO. 5:** All documents related to premium payments and receipt not previously produced.

**RESPONSE:**

**REQUEST NO. 6:** All documents related to the business and operations of each insured at the time the Policies were underwritten, and for the period 1977 to 1988.

**RESPONSE:**

**REQUEST NO. 7:** Zurich's records regarding each insured under the Policies, for the period 1977 to 1988.

**RESPONSE:**

**REQUEST NO. 8:** Documents sufficient to identify the individuals involved in the handling of Landis's claim for the Sagamore Site on behalf of Zurich, and their locations and roles in decisions regarding the claim.

**RESPONSE:**

Respectfully submitted,

Amy S. Berg

Brent W. Huber, Attorney No. 16077-53
Amy S. Berg, Attorney No. 32513-32
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100
brent.huber@icemiller.com
amy.berg@icemiller.com

*Attorneys for Plaintiff, Landis+Gyr Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2018, a copy of the foregoing was served on the following via electronic mail and U.S. First Class mail:

Kyle A. Lansberry
Michael R. Giordano
LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202-6150
klansberry@lewiswagner.com
mgiordano@lewiswagner.com

Renee J. Mortimer
HINSHAW & CULBERTSON LLP
322 Indianapolis Boulevard, Suite 201
Schererville, IN 46375
rmortimer@hinshawlaw.com

Michael M. Marick
James H. Kallianis
Timothy H. Wright
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, #300
Chicago, IL 60601
mmarick@hinshawlaw.com
jkallianis@hinshawlaw.com
twright@hinshawlaw.com

Amy S. Berg

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100