UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LANDIS+GYR INC., a Delaware Corporation, f/k/a LANDIS & GYR METERING, INC., ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 4:16-cv-82 |
| ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation, f/k/a ZURICH INSURANCE COMPANY, ) ) ) ) ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion To Intervene And Motion To Modify The Agreed Protective Order [DE 170] filed by interveners, North River Insurance Company and RiverStone Claims Management, LLC, on November 22, 2023. For these reasons, the motion is **DENIED**.

*Background*

The plaintiff, Landis+Gyr Inc. ("Landis"), initiated this matter, which is now closed, on October 7, 2016, against the defendant, Zurich American Insurance Company ("Zurich"), alleging that Zurich wrongfully denied it coverage and mishandled a long-standing environmental liability claim. [DE 1]. On March 15, 2019, the parties filed a stipulation to dismiss this cause with prejudice, which this court granted. [DE 168, 169]. Prior to dismissing this action, the court entered an Agreed Protective Order [DE 38] that provided "[a]ny third party may challenge the provisions of the Protective Order by filing the appropriate action with this Court." [DE 38, ¶ 19]. It is this provision that gives rise to the instant motion filed by North

River Insurance Company and RiverStone Claims Management LLC (collectively, the "Insurers") who seek to intervene under Federal Rule of Civil Procedure 24(b) to modify the Agreed Protective Order.

The events leading to the Insurers' attempt to intervene stem from ongoing action initiated by Landis in Indiana state court on July 27, 2021. The state action involves a similar fact pattern to that found in the captioned case: Landis asserted an insurance coverage dispute against the Insurers for amounts allegedly incurred during an investigation and remediation of an environmental contamination. During discovery in the state action, Landis indicated that it intended to designate John Mastarone as its corporate representative during a Rule 30(b)(6) deposition. Mastarone also was Landis' representative who provided testimony on its behalf during a deposition in the Zurich case. The Insurers contend that many of the prospective topics during Mastarone's deposition overlap similar issues addressed during his prior deposition.

The Insurers requested that Landis and Zurich consent to the production of Mastarone's deposition transcript and exhibits from this action. According to the Insurers, Zurich consented to the production of Mastarone's deposition transcript and exhibits but Landis objected, claiming the deposition testimony was confidential and protected on the basis of the Agreed Protective Order. The Insurers filed the instant motion requesting that the court permit them to intervene to modify the Agreed Protective Order to allow the production of Mastarone's deposition transcript and exhibits. Landis filed a response on December 6, 2023, and the Insurers filed their reply on December 13, 2023.

## Discussion

**Federal Rule of Civil Procedure 24** provides for intervention both as of right and permissively. On a timely motion, the court must permit anyone to intervene who: (1) is given

an unconditional right to intervene by federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. **Rule 24(a).** Permissive intervention is allowed so long as the motion is timely, and the petitioner "has a claim or defense that shares with the main action a common question of law or fact." **Rule 24(b)(1)(B).** According to the Insurers, they meet the requirements to permissively intervene.

The Seventh Circuit has held that permissive intervention is a procedurally appropriate device for bringing a third-party challenge to a protective order in ongoing litigation. *See* ***Grove Fresh Distribs., Inc. v. Everfresh Juice Co.***, 24 F.3d 893, 896 (7th Cir. 1994). However, intervention for purposes of challenging a protective order in a closed case is an unusual kind of permissive intervention that triggers its own unique standing issues. *See* ***Bond v. Utreras***, 585 F.3d 1061, 1070 (7th Cir. 2009).

> [W]hen a third party seeks intervention under Rule 24(b) for the purpose of challenging a protective order in a case or controversy that is no longer live—as when the case has been dismissed and none of the original parties has sought this relief postjudgment—the intervenor must meet the standing requirements of Article III in addition to Rule 24(b)'s requirements for permissive intervention.

*Id.* at 1072.

As in ***Bond***, there is no live controversy in this case, and neither Landis nor Zurich has requested that the court modify the Agreed Protective Order. As a result, the court first must determine whether the Insurers have Article III standing to intervene.

### A. Standing Under Article III

Article III standing requires an injury-in-fact that could be redressed by a favorable decision of the court. ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560–61 (1992). An injury-

3

in-fact is "a 'concrete and particularized' invasion of a 'legally protected interest,'" *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269 (2008) (quoting *Lujan*, 504 U.S. at 560), and must be "actual or imminent, not conjectural or hypothetical," *Lujan*, 504 U.S. at 560, (internal quotation marks omitted). Standing exists only if it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id*. (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)). In other words, the Insurers must show that they risk an actual or imminent invasion of a legally protected interest to have standing to permissively intervene.

First, the Insurers argue that they have standing because Landis filed excerpts from Mastarone's deposition transcript with the court, essentially rendering it a public document, and claim that they have a right to its full production. In response, Landis contends that the Insurers lack standing to intervene and have no right to access unfiled discovery in a closed case. Landis argues that Mastarone's transcript was not filed with the court in its totality, and thus the Insurers have no constitutional, statutory, or common-law right of access to the entire transcript.

The record reflects that portions of Mastarone's deposition testimony were filed by Landis and Zurich in briefs supporting their respective positions on a choice of law dispute. [DE 123, 124, 129, 130, 134]. Those documents are publicly available, and the Insurers clearly have the capability and right to review such materials. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 & n. 19 (1984) (recognizing that the public has a right to access anything that is a "traditionally public source of information" and observing that "courthouse records could serve as a source of public information"). However, despite the Insurers' contention, filing portions of Mastarone's deposition testimony does not render the entire document publicly available. The entire transcript never was filed with the court, so it still constitutes unfiled discovery. The

4

Seventh Circuit's opinion in **Bond** emphasized that discovery not filed with the court (unlike filed discovery) enjoys no presumption of public access. **Bond**, 585 F.3d at 1074. "[T]he public's right of access is limited to traditionally publicly available sources of information, and discovered, but not yet admitted, information is not a traditionally public source of information." *Id.* (citing **Seattle Times**, 467 U.S. at 33). The Insurers therefore lack standing to modify the Agreed Protective Order as a public right.

The Insurers' argument also is contrary to the rule of completeness contained in **Federal Rule of Evidence 106** and **Federal Rule of Civil Procedure 32(a)(6)**. Both rules are intended to prevent a party from taking a portion of a statement or a deposition out of context, thereby making the quoted portion misleading. Only portions "that in fairness ought to be considered at the same time" become admissible. **Rule 106**. Thus, the fact that the parties to the original litigation cited portions of the Mastarone deposition does not make the entire deposition a matter of public record.

Next, the Insurers argue that by filing excerpts from Mastarone's transcript on public record in contravention of the Agreed Protective Order, Landis has acted as a "willing speaker" and assert that they have a First Amendment right to intervene. Alternatively, the Insurers claim that Zurich consented to producing a copy of Mastarone's deposition transcript, so there is a "willing speaker" who would share the information if not for the Agreed Protective Order, and that they have a First Amendment right to the transcript. In response, Landis rejects the Insurers' assertion that they have a First Amendment right to receive Mastarone's deposition transcript. According to Landis, it is not a willing speaker as demonstrated by the fact that it opposes the modification of the Agreed Protective Order. Additionally, Landis contends that Zurich did not

agree to the production of Mastarone's deposition transcript. Thus, there is no "willing speaker" to merit the modification of the Agreed Protective Order on First Amendment grounds.

Standing based on a derivative First Amendment right to receive information hinges on the existence of a willing speaker. *See* **Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.**, 425 U.S. 748, 756, (1976) ("Freedom of speech presupposes a willing speaker. But where a speaker exists, ... the protection afforded is to the communication, to its source and to its recipients both." (footnote omitted)). This is because "[a] precondition of the right to receive ... is the existence of a 'willing speaker.'" **Ind. Right to Life, Inc. v. Shepard**, 507 F.3d 545, 549 (7th Cir. 2007) (quoting **Va. State Bd. of Pharmacy**, 425 U.S. at 756). "In the absence of a willing speaker, an Article III court must dismiss the action for lack of standing." **Bond**, 583 F.3d at 1078 (**citing Pa. Family Inst., Inc. v. Black**, 489 F.3d 156, 166 (3d Cir.2007)).

The Insurers' contention that Landis is a "willing speaker" is erroneous. Landis has made clear it does not consent to the production of Mastarone's full deposition transcript or exhibits. Landis concedes that it filed portions of Mastarone's transcript which are publicly available. Yet as discussed above, filing portions of the deposition transcript only makes Landis a willing speaker to those specific excerpts submitted to the court. If Landis had filed the entirety of Mastarone's deposition transcript with the court, then the Insurers' argument would have some merit. As it stands, the Insurers' claim that Landis is a "willing speaker" is disingenuous at best.

The Insurers alternatively contend that Zurich agreed to the production of Mastarone's transcript and exhibits, constituting a willing speaker. In support, the Insurers cited an email received from Zurich's counsel saying that "Zurich does not object to your request for the Mastarone transcript and exhibits. Provided that Landis has no objections, we have a copy of the transcript that we can provide." [DE 171-6]. Yet Landis asserts that Zurich did not consent to the

request because Landis expressed its intention to object to the request that same day. [DE 173-2]. According to Landis, its objection signaled to the Insurers that Zurich would not agree to produce the requested documents. Zurich itself did not file any brief expressing its position on the Insurers motion.

In reviewing the evidence submitted to the court, it appears that Zurich's email to the Insurers expressed that Landis' lack of objection to the request was a condition to the production of the requested materials. When Landis objected, it made clear to the Insurers that Zurich would not produce the documents, thus it could not be said that Zurich is a willing speaker. Additionally, an email from Landis' counsel to Zurich's counsel confirmed that Zurich did not agree to join in the motion to intervene. [DE 173-1].

As in *Bond*, the Insurers lack standing based on a First Amendment right to receive the documents because such a right requires a willing speaker, and neither Landis nor Zurich wants to modify the Agreed Protective Order or wants its unfiled discovery revealed. *See Bond*, 583 F.3d. at 1078. Thus, no right is violated by denying the Insurers' request to receive documents covered under the protective order. With no right being violated, the Insurers lack an actual or imminent injury, and therefore lack standing to intervene in this closed case.

### *Conclusion*

Based on the foregoing reasons, the Insurers' Motion To Intervene And Motion To Modify The Agreed Protective Order [DE 170] is **DENIED**.

ENTERED this 11th day of January, 2024.

/s/ Andrew P. Rodovich
United States Magistrate Judge